**LEWIS BRISBOIS BISGAARD & SMITH LLP**
WILLIAM ARCHER, SB# 133068
E-Mail: William.Archer@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff Varèse Sarabande Records, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISIVION

| | |
|---|---|
| VARÈSE SARABANDE RECORDS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TWELVESIXTY, LLC,<br><br>Defendant. | CASE NO. ________________<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT AND VALIDITY OF SUBLICENSE UNDER THE COPYRIGHT ACT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date: None Set |

## COMPLAINT

Plaintiff Varèse Sarabande Records, LLC ("Plaintiff" or "Varèse") alleges as follows for this Complaint for Declaratory Judgment of Copyright Non-Infringement and Validity of Sublicense Under the Copyright Act ("Complaint") against defendant Twelvesixty, LLC ("Defendant" or "Twelvesixty"):

## NATURE OF ACTION

1. This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

2. Varèse seeks a declaratory judgment that Varèse is not liable for infringement of



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

Twelvesixty's copyright (the "Copyright") in a sound recording of the composition "House of the Rising Sun" performed by Heavy Young Heathens (the "Master") under 17 U.S.C. § 501, whether by exceeding the scope of a license or otherwise.

3. Varèse also seeks a declaratory judgment that a sublicense that Varèse entered into in order to exploit Varèse's performance and other rights in the Master is not invalid under the Copyright Act.

4. On information and belief, Twelvesixty is the owner of the Copyright in the Master and, on May 31, 2016, filed an application with the United States Copyright Office for registration of the copyright in said sound recording as case no. 1-3514851971.

5. This action arises out of allegations by Twelvesixty that, by entering into a sublicense, Varèse has authorized performance of the Master in a way exceeding the scope of a license that Twelvesixty granted to Varèse and that Varèse's agreement with that sublicensee, as it pertains to the Master, is invalid under U.S. copyright law.

**PARTIES**

6. Plaintiff Varèse Sarabande Records, LLC is a California limited liability company with its principal place of business in Beverly Hills, Los Angeles County, California.

7. Varèse is informed and believes that Defendant Twelvesixty, LLC, whose real name appears to be "Twelve Sixty, LLC" ("Twelvesixty"), is a California limited liability company with a principal place of business in Malibu, Los Angeles County, California.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over Varèse's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As alleged more fully below, there is a substantial controversy of sufficient immediacy and reality between Varèse and Twelvesixty regarding whether Varèse has used or authorized the use of the Master in a way exceeding the scope of its license or has otherwise infringed the Copyright and whether Varèse's agreement with OneHill Records B.V. ("OneHill"), as it pertains to the Master, is invalid under the Copyright Act.

9. This Court has personal jurisdiction over Twelvesixty. On information and belief, Twelvesixty is a California limited liability company with its principal place of business in California and this District.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND AND EXISTENCE OF ACTUAL CONTROVERSY

11. Varèse is a record company that was founded in 1978 specializing in releasing the highest quality soundtracks from motion pictures.

12. On or about August 29, 2014, Varèse entered into a Short Form Master License Agreement (the "License Agreement") with Twelvesixty. A copy of the License Agreement is attached hereto as Exhibit 1. The License Agreement, which defines "Licensor" as Twelvesixty, grants Varèse a worldwide license in perpetuity to specified types of uses of the Master.

13. More specifically, the grant of rights provision in the License Agreement states in relevant part:

> "Licensor hereby grants to Varèse the non-exclusive right and license to manufacture, distribute, sell, advertise, perform and exploit the Master(s), such performances and such name(s), approved likenesses, biographical information and photographs in connection with such Master(s), on and in connection with Audiorecord(s) and the Soundtrack Album (and their packaging and advertising and sales materials)…."

Ex. 1, Agreement, ¶ 2.

14. The License Agreement defines "Audiorecord(s)" as follows:

> "'<u>Audiorecord(s)' shall be understood to mean audiorecord(s) that contain the Master(s) coupled with all of those other recordings or masters</u>, identified by the title of the compositions recorded thereon, as listed on Exhibit 'A' attached hereto and made a part hereof and <u>included in the Soundtrack Album, or any one</u> or more of <u>such Master(s) as derived from said Soundtrack Album</u>."

Ex. 1, License Agreement, ¶1(c) (emphasis added).

15. The License Agreement defines "Soundtrack Album" as follows:

> "'**Soundtrack Album**' shall be understood to mean the collection of the Master(s) coupled with all of those other recordings or masters, identified by the title of the compositions recorded thereon, as listed on Exhibit 'A' attached hereto and made a part hereof. The title for said Audiorecord(s) containing all such recordings will be '**Revenge Of The Green Dragons – Original Motion Picture Soundtrack.**'".

Ex. 1, License Agreement, ¶1(c) (emphasis in original).

16. On or about December 18, 2014, Varèse entered into an agreement with OneHill to administer outside the United States the performance and exploitation rights in various master recordings including the Master (the "OneHill Agreement").

17. On or about October 31, 2016, Twelvesixty filed an action in Los Angeles Superior Court, styled as *Twelvesixty, LLC v. Varèse Sarabande Records, LLC, et al.*, Los Angeles Superior Court Case No. SC126634 (the "State Court Action") against Varèse claiming that by entering into the OneHill Agreement Varèse allegedly exceeded the scope of and breached the License Agreement, allegedly committed gross negligence and allegedly violated Cal. Bus. & Prof. §§ 17200, *et seq.*

18. Twelvesixty alleged in that action that "[t]he Agreement does not permit or authorize Varèse (or anyone else) to use, reproduce, copy, broadcast or otherwise exploit the Master. . . other than solely as part of and in connection with the Soundtrack Album, nor is Varèse authorized to license the Master to any third party to do so". Complaint, ¶10.

19. Varèse filed a cross-complaint and, on or about January 26, 2017, Twelvesixty filed a motion to strike in which it alleged Varese's sublicense to OneHill Records is "invalid **under** long-established **copyright law** because a nonexclusive licensee of a work has no right to resell or sublicense its rights therein without express authorization from the original licensor." Motion to Strike, 2, n.2 (emphasis added).

20. On March 17, 2017, Varèse filed a motion to dismiss Twelvesixty's state court complaint for lack of subject matter jurisdiction on the grounds that it asserted claims arising under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.* On April 11, 2017, the state court granted that motion.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

21. Varèse restates and incorporates by reference as if fully set forth herein the allegations of the foregoing paragraphs 1 through 20.

22. Twelvesixty has asserted and continues to assert that Varèse has authorized the performance of the Master in ways exceeding the scope of the license.

23. On information and belief, Varèse has never used or authorized the use of the Master in a way exceeding the scope of the License Agreement or otherwise infringed the Copyright and is not currently infringing, whether directly or indirectly, contributorily or by inducement, the Copyright. Varèse disputes that it has used or authorized the use of the Master in any way exceeding the scope of the License Agreement or that it otherwise has infringed the Copyright.

24. Therefore, an actual and substantial controversy exists between Varèse and Twelvesixty, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Varèse has not used or authorized the use of the Master in any way exceeding the scope of the License Agreement or otherwise infringed the Copyright and does not infringe the Copyright.

25. Varèse requests a judicial determination and declaration of its rights, duties, and obligations with respect to the copyright in the Master. Such a determination and declaration is necessary and appropriate to enable the parties to ascertain their respective rights and duties relative to the copyright in the Master.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Validity of Sublicense Under Copyright Act)**

26. Varèse restates and incorporates by reference as if fully set forth herein the allegations of the foregoing paragraphs 1 through 25.

27. Twelvesixty has asserted and continues to assert that, as it pertains to the Master, the OneHill Agreement is invalid under U.S. copyright law.

28. Varèse disputes that the OneHill Agreement, as it pertains to the Master, is invalid under U.S. copyright law.

29. Therefore, an actual controversy exists between Varèse and Twelvesixty, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the OneHill Agreement, as it pertains to the Master, is not invalid under U.S. copyright law.

30. Varèse requests a judicial determination and declaration of its rights, duties, and

obligations with respect to the OneHill Agreement, as it pertains to the Master.

31. Such a determination and declaration is necessary and appropriate to enable the parties to ascertain their respective rights and duties relative to the OneHill Agreement, as it pertains to the Master.

**PRAYER FOR RELIEF**

WHEREFORE, Varèse respectfully request the Court to enter judgment in Varèse's favor as to all claims asserted in this Complaint and, specifically, to enter judgment:

1. Declaring that Varèse is not liable for any infringement of the Copyright based on having used the Master in any way exceeding the scope of the License Agreement or otherwise;

2. Declaring that the OneHill Agreement, as it pertains to the Master, is not invalid under the Copyright Act;

3. Enjoining Twelvesixty, its officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from making any claim that (a) the OneHill Agreement as it pertains to the Master; or (b) that is invalid under the Copyright Act Varèse has used or authorized or is using or authorizing the Master in a way that exceeds the scope of the License Agreement or that Varèse is or has otherwise infringed the Copyright;

4. Finding that Varèse is entitled to an award against Twelvesixty of Varèse's reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and the License Agreement;

5. Awarding to Varèse its costs and disbursements; and

6. Awarding to Varèse such other and further relief as this Court deems just and proper.

///

///

///

///

///

///

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and L.R. 38-1, Varèse hereby demands a trial by jury on all issues so triable.

DATED: April 12, 2017

WILLIAM ARCHER
LEWIS BRISBOIS BISGAARD & SMITH LLP



By: William Archer
Attorneys for Plaintiff Varèse Sarabande Records, LLC